### HENRY MARCHANT, Trustee, *v.* THE VALLEY FALLS BAPTIST CHURCH.

A plea that "said several *supposed* causes of action in said counts mentioned, *if any such there be or still are,*" did not accrue within six years, is defective, for not confessing the causes of action which it seeks to avoid; but, as the defect is formal merely, by force of ch. 184, § 4, of the Rev. Stats., the court must support the plea, though, for this cause, specially demurred to.

ASSUMPSIT, the declaration containing, *first,* a count upon a promissory note for the sum of $5,000, made by the defendants to the plaintiff on the 26th day of February, 1852, and payable two years after date; *second,* a count on book account, and for goods, wares, and merchandise sold and delivered, and work and labor done,—to the amount of $5,000; *third,* a count for interest, to the amount of $2,000; and, *fourth,* a claim of $9,000, under the money counts.

The defendants pleaded, *first,* the general issue; and, *second,* as to the second, third, and fourth counts of the declaration, the statute of limitations, after the ordinary words of beginning, in this form, " because they say, that *said several supposed causes of action,* in said counts mentioned, (*if any such there were or still are,*) did not, nor did any, or either of them, accrue to the said plaintiff at any time within six years next before the commencement of this suit, in manner and form as the said plain-

tiff hath above thereof, in said counts, complained against the defendants; and this they are ready to verify. Wherefore," &c.

The plaintiff joined in the general issue, and demurred, specially, to the plea of the statute of limitations, assigning the causes of demurrer as follows:—

That the said plea does not sufficiently confess the said several causes of action in the said second, third, and fourth counts of said declaration; and also, that the said second plea does not give to the said plaintiff color of action in his said second, third, and fourth counts of his said declaration; and also, for that the said second plea is, in other respects, uncertain, informal, and insufficient.

The defendants having joined in the demurrer, the same now came on for hearing.

*Brownell*, for the plaintiff:—

1st. The plea of the statute of limitations, being a plea in confession and avoidance, should distinctly confess the causes of action set forth in the declaration to which it is pleaded. Stephen on Plead. 200; 1 Chit. on Plead. 525.

2d. The plea in this case does not sufficiently confess the causes of action, set forth in the declaration, to which it is pleaded. 1 Chit. on Plead. 526; *Conger* v. *Johnston*, 2 Denio, 96; *Commercial Bank of Buffalo* v. *Sparrow*, Ib. 105, and cases cited.

*James Tillinghast*, for the defendants:—

1st. The plea is in the established form given in Chitty's Pleadings, and retained in the latest American editions of that work. 3 Chit. on Plead. (Springf. ed.) 941; see Ib. 956–1031. See also, in trespass, Ib. 1067; and these same hypothetical words are retained in other pleas; for example, to the jurisdiction, Ib. 894; in assumpsit, of contract made jointly with another, Ib. 900–943; in the same, of contract made with the plaintiff, Ib. 908–943; of discharge in bankruptcy, Ib. 911, 912; Ib. 919, 920; of coverture, Ib. 907, 910; of infancy, Ib. 909–956; in debt, specially not in defendant's possession, Ib. 961 *a*; in covenant, of license, Ib. 1002; of set-off, Ib. 1021, 1022; in trespass, if at all jointly with another, Ib. 1061, 1062; even in justifying under public nuisance, Ib. 1094.

Marchant, Trustee, *v.* The Valley Falls Baptist Church.

2d. The principle on which plaintiff relies, applies, in its strictness, only to those pleas, like justification in trespass, which are strictly in confession and avoidance; but the plea of the statute of limitations is not strictly a plea in confession and avoidance. It is not enumerated by Chitty in his examples of defences constituting such. See 1 Chitty on Plead. (Springf. ed.) 515 *a*, &c. § 3. It is a statute bar to the action, like a discharge in bankruptcy; and does not discharge the debt or avoid the cause of action. It only creates a disqualification in the plaintiff, like outlawry, coverture, &c. See 1 Cranch, 466, Appendix B; and the plea of *actio non accrevit*, does not, it would seem, (even without these hypothetical words,) admit that a cause of action ever existed, and, therefore, if the plaintiff's position is correct, is always objectionable in whatever form pleaded. See Wilkinson on Limitations, 111, note (1), (1 Law Library); Ibid. 114, note (8). Ib. Indeed, the objection made in the books to the other form of pleading the statute, (*non assumpsit infra sex annos,*) and one reason for preferring this form, (*actio non accrevit,*) is, that the former does admit a cause of action before the six years. Blanchard on Limitations, 147, (1 Law Library); Angell on Limitations, 314, § 3.

AMES, C. J. This plea is defective, because, instead of expressly or silently confessing the plaintiff's causes of action which it seeks to avoid, by the introduction of the words " *supposed* causes of action in said counts mentioned, *if any such there be or still are,*" it confesses them only hypothetically; which, in pleading, is tantamount to an argumentative denial of them. *Gould* v. *Lasbury,* 1 Cr. Mees. & Rosc. 254, 256, 257; *Margetts* v. *Bays,* 4 Ad. & El. 489; *Lyall* v. *Higgins,* 4 Ib. N. S. 528, 534, per Patteson, J. This, however, is a mere defect in form, consisting in *the manner* in which that which is substantial is stated in the plea; and in England can be reached only by a special demurrer. *Gould* v. *Lasbury, Margetts* v. *Bays,* supra. We have already had occasion to decide (*Ellis, Adm'r,* v. *Appleby & another,* 4 R. I. Rep. 469, 470) that our statute of amendments, unlike the statute of Anne, requires us to give judgment in the cause according to the very right, " without regarding any imperfections, defects, or want of form in the

writ, declaration, or other pleadings, &c.," and does not qualify its requirement in this respect, as that statute does, by the words " *except the same shall be specially and particularly set down and shown for cause of demurrer.*" Rev. Stats. ch. 184, § 4.

By force of this statute, we can no more regard a mere defect of form, in judgment upon a special, than in judgment upon a general, demurrer ;—and *this demurrer must be overruled.*